■ Ross Roper, Respondent, v Heller-Miller Realty Corp. of New York et al., Appellants.—In an action, *inter alia,* for specific performance of a joint-venture agreement, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered July 5, 1989, as denied their motion for summary judgment dismissing the plaintiff's first, second, and third causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff seeks, *inter alia,* to compel specific performance of his alleged oral joint-venture agreement with the defendant corporations to develop a 100-acre parcel of land located in Suffolk County for residential use. The plaintiff alleged that the parties agreed that the material terms of the agreement would be the same as those of a previous similar joint venture in which the parties had participated. The plaintiff also asserted that the parties agreed that he had the right to transfer his interest to a nominee corporation which he would name "upon the finalization of a written agreement". The oral agreement, however, was never reduced to writing, and the plaintiff was excluded from participation in the joint venture.

The defendants argue, *inter alia,* that because the name of the nominee corporation was never designated by the plaintiff, the oral agreement lacks a material term and cannot, therefore, be enforced. We disagree. The plaintiff's option to transfer his interest to a nominee corporation was to become effective only at the time the oral agreement was reduced to writing. Prior to that time, the plaintiff's interest in the oral agreement was his alone. Because the oral agreement was never reduced to writing, that agreement, in which the plaintiff himself had an interest, was sufficiently definite to constitute an enforceable contract.

We have examined the defendants' remaining contentions and conclude that the Supreme Court correctly determined

that triable issues exist justifying a trial. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.